IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| XIAOXIA (SASHA) GONG<br>3713 S. George Mason Drive #1401<br>Falls Church, VA  22041,<br><br>        Plaintiff,<br><br>v.<br><br>RADIO FREE ASIA<br>2025 M Street, NW<br>Suite 300<br>Washington, DC 20036<br><br>        and<br><br>RICHARD RICHTER<br>285 Battery Place, NW<br>Washington, DC  20016,<br><br>        Defendants. | Civil No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants Radio Free Asia ("RFA") and Richard Richter ("Mr. Richter") (collectively, "defendants"), by counsel, hereby notify this court of the removal of Civil Action No. 05-0009588, which was filed in the Superior Court of the District of Columbia. As grounds for removing this action, RFA and Mr. Richter state the following:

\\\BA - 65890/0011 - 201368 v1

1. On December 16, 2005, plaintiff Xiaoxia (Sasha) Gong filed this action, <u>Xiaoxia (Sasha) Gong v. Radio Free Asia and Richard Richter</u>, in the Superior Court of the District of Columbia, Civil Action No. 05-0009588.

2. The Complaint was not served or otherwise provided to RFA until December 20, 2005, and to Richard Richter until December 19, 2005.

3. In her Complaint, Ms. Gong alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, <u>et</u> <u>seq.</u>, as amended, 42 U.S.C. § 1981, and the District of Columbia Human Rights Act.

4. Because this action contains a federal question, the entire action is removable as a matter of right pursuant to 28 U.S.C. § 1441(b)-(c).

5. Written notice of this Notice of Removal will be served upon all adverse parties.

6. A copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the District of Columbia.

7. A copy of all process and pleadings served in this action, constituting the entire local court file in this matter, is attached hereto.

WHEREFORE, Defendant requests that this action proceed in this Court.

Respectfully submitted,

HOGAN & HARTSON L.L.P.

_____
Gil A. Abramson (Bar # 237994)

\\\BA - 65890/0011 - 201368 v1

                                      111 South Calvert Street
                                      Suite 1600
Baltimore, MD  21202
Telephone:  (410) 659-2723
Facsimile:  (410) 539-6981

Gregory M. Petouvis (Bar # 477600)
555 13th Street, N.W.
Washington, DC  20004
Telephone:  (202) 637-6987
Facsimile:  (202) 637-5910

Counsel for Defendants
Radio Free Asia and Richard Richter

Date:  January 9, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served by first class U.S. mail, postage pre-paid, this 9th day of January, 2006, on:

>Betty Grdina, Esquire
>Stephen Z. Chertkof, Esquire
>HELLER, HURON, CHERTKOF,
>    LERNER, SIMON & SALZMAN
>1730 M Street, NW
>#412
>Washington, DC  20036
>
>Robert H. Stropp, Esquire
>MOONEY, GREEN, BAKER & SAINDON
>1920 L Street, NW
>Suite 400
>Washington, DC  20036

_____
Gregory M. Petouvis



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

XIAOCIA (SASHA) GONG
Vs.
RADIO FREE ASIA

C.A. No.   2005 CA 009588 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued by the judge to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge NATALIA COMBS GREENE
Date: December 16, 2005
Initial Conference: 9:00 am, Friday, March 17, 2006
Location: Courtroom 312
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

XIAOXIA (SASHA) GONG

*Plaintiff*

vs.

RICHARD RICHTER

*Defendant*

05-0009588

Civil Action No. [ ]

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 a.m. and 4:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

BETTY GRDINA
Name of Plaintiff's Attorney

1730 M STREET N.W. SUITE 412
Address
WASHINGTON, DC 20036

202-293-8090
Telephone

By _____
    Deputy Clerk

Date DEC 16 2005

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

**IMPORTANT:** IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| XIAOXIA (SASHA) GONG<br>3713 S. George Mason Drive #1401<br>Falls Church, VA 22041,<br><br>Plaintiff<br><br>v.<br><br>RADIO FREE ASIA<br>2025 M Street NW<br>Suite 300<br>Washington, DC 20036,<br><br>and<br><br>RICHARD RICHTER<br>2805 Battery Place N.W.<br>Washington, DC 20016-3439<br><br>Defendants<br><br>For Service of Process:<br>RADIO FREE ASIA: REGISTERED AGENT<br>Patrick Taylor, Jr.<br>2025 M Street, NW., #300<br>Washington, DC 20036 | 05-0009588<br>Case No. _____<br><br>Judge: _____<br><br>RECEIVED<br>Civil Clerk's Office<br>DEC 1 6 2005<br>Superior Court of the<br>District of Columbia<br>Washington, D.C. |

**COMPLAINT WITH JURY DEMAND**

(Discrimination in Employment on the
Basis of Race and National Origin and Retaliation)

**Introduction**

1. Xiaoxia (Sasha) Gong is an Asian broadcast journalist of Chinese descent. Until 1987, Dr. Gong lived in the People's Republic of China. During the Cultural Revolution in China, she was imprisoned for eleven months for supporting democracy and the rule of law. Dr. Gong came to the United States in 1987 to attend Harvard University as a visiting scholar, and

1

she received her Ph.D in 1995. From January 1998 until May 2003, she was employed in a middle management position at Radio Free Asia (RFA) as Director of the Cantonese Service. In 2003, Dr. Gong protested the fact that employees of Asian descent were denied opportunities for promotion to senior management, were paid less than non-Asian employees and suffered employment discrimination. On May 29, 2003, only five days after her protest, Richard Richter, President of Radio Free Asia, fired Dr. Gong wholly or partially in retaliation because she protested discrimination against Asians by RFA. Plaintiff seeks awards of compensatory and punitive damages; backpay and front pay; and injunctive relief.

## JURISDICTION AND VENUE

2. Plaintiff's claims arise under the D.C. Human Rights Act, Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq., and 42 U.S.C. §1981. As of the filing of this Complaint, Plaintiff has no claim pending before the D.C. Human Rights Commission.

## PARTIES

3. Plaintiff, Xiaoxia (Sasha) Gong was employed by Radio Free Asia (RFA) at its Washington, D.C. office as Director of the Cantonese Service from January 1998 to May 29, 2003.

4. Defendant RFA is a nonprofit corporation which is headquartered at 2025 M Street N.W. in the District of Columbia and registered to do business in the District. RFA provides radio programming to the People's Republic of China and other countries in Asia that lack freedom of the press.

5. RFA employs more than fifteen employees in the District of Columbia.

6. Defendant Richard Richter was at all times relevant the President of RFA. He resides at 2805 Battery Place N.W., Washington, D.C. 20016-3439.

7. The acts of discrimination and retaliation which form the basis for this Complaint arose out of Plaintiff's employment at RFA and occurred in the District of Columbia.

## FACTUAL ALLEGATIONS

8. Radio Free Asia (RFA) journalists prepare and broadcast information, news and commentary about events in Asia in the Tibetan, Mandarin, Cantonese, Uyghur, Burmese, Vietnamese, Lao, Khmer, and Korean languages.

9. From January 1998 until May 2003, Dr. Gong was employed in a middle management position at RFA as Director of the Cantonese Service. In 2003, there were a total of nine Service Directors at RFA.

10. Dr. Gong was well qualified for her position. Dr. Gong was born and raised in the People's Republic of China. She received her B.A. and M.A. from Peking University in 1983 and 1986. She worked in Beijing and Guangzhou (Canton), China, where she had been imprisoned during the Cultural Revolution for supporting democracy and the rule of law.

11. Dr. Gong came to the United States in 1987 to attend Harvard University as a visiting scholar and later as a graduate student, where she received her Ph.D in 1995. Dr. Gong speaks fluent English, Mandarin and Cantonese. She has been a U.S. citizen since 2003.

12. Throughout her employment at RFA, Dr. Gong received excellent employment evaluations and had never been disciplined for any reason. Her duties included supervising a team of thirteen production staff responsible for producing a daily one-hour radio show broadcast to China in the Cantonese language.

13. Dr. Gong managed two Cantonese broadcasting offices for RFA, one in D.C. at the RFA headquarters building, and the other in Hong Kong; the offices were separated by a thirteen hour time difference. This time difference required her to work long hours. Under her leadership, the Cantonese broadcast programs won nominations and awards in various worldwide radio competitions, including a silver prize at the New York Radio Festival in 2002.

14. During Dr. Gong's tenure at RFA, only one person among thirteen senior executive managers at Radio Free Asia was Asian. The remainder were all non-Asian.

15. At RFA, all the Service Directors, who were in charge of the daily operations of the foreign language broadcasting, were Asian. Service Directors (including Dr. Gong) were required to be fluent speakers of the languages of their respective broadcast target countries and to be knowledgeable about local idiom and cultural nuances. This language requirement explains why Asians were promoted to the level of Service Director.

16. During Dr. Gong's tenure at RFA, the majority of journalists, production, technical and support staff were Asian.

17. In 2002 and 2003, new positions in senior executive management, including Director of Program Delivery, Executive Producer and Chief of Staff, were created. These positions were filled by non-Asian personnel. The newly-created positions were not posted within RFA. Current employees of RFA were not given the opportunity to apply for these positions.

18. Dr. Gong was interested in applying for any of the three new executive positions. She was qualified to hold each of these positions. However, because the newly-created positions were never publicized before they were filled, Dr. Gong was not able to apply for them.

4

19. In the early afternoon on May 23, 2003, Dr. Gong attended a meeting with Richard Richter and members of the Cantonese Service staff. Among other topics discussed at that May 23, 2003 meeting, Dr. Gong and some members of the Cantonese service questioned why Asian broadcasters were paid less than their non-Asian peers. Defendant Richter replied that "you Asians always want to know about the salaries earned by other employees. That's not the practice in other American companies."

20. Later in the afternoon on May 23, 2003, Dr. Gong attended another meeting with Richard Richter and other Service Directors. Among other topics discussed at that meeting on May 23, 2003, Dr. Gong again raised the issue of pay disparities that hurt Asian employees. She also questioned the lack of promotion opportunities for Asian employees. Defendant Richter told her "No," and ignored Dr. Gong's concerns. Dr. Gong's comments at the May 23, 2003 Service Directors' meeting were protected activity because they opposed unlawful discrimination.

21. On May 24, 2003, Dr. Gong sent an email to other RFA Service Directors and to Susan Lavery, Executive Producer, in which she protested, among other things, Defendant Richter's remark at the meeting about "Asians" and urged her co-workers to "fight against the practice of discrimination" at RFA. The email of May 24, 2003 was protected activity because it opposed unlawful discrimination.

22. Five days later, on May 29, 2003, Defendant Richter fired Dr. Gong because of "your comments at last week's Service Director's meeting and the recent email that you circulated to Service Directors...."

23. As a result of Defendants' unlawful and discriminatory action, Plaintiff has been deprived of her employment at RFA, salary and associated fringe benefits and has been unable to secure comparable and equivalent-paying employment in her field. Plaintiff has also suffered

disgrace and humiliation, loss of reputation, pain and suffering, emotional distress, inconvenience, loss of enjoyment of life and other non-economic damages.

### Exhaustion of Administrative Remedies

24. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission which was cross-filed with the D.C. Human Rights Commission.

25. All pre-requisites to suit have been satisfied.

### COUNT ONE
(Intentional Discrimination)

26. Defendants unlawfully terminated Plaintiff's employment with RFA on account of her race and/or national origin, in violation of the D.C. Human Rights Act, (DCHRA), Title VII of the Civil Rights Act of 1991, and 42 U.S.C. §1981.

27. Defendants' discriminatory conduct toward Plaintiff was willful, wanton and malicious and/or committed with reckless disregard for her protected rights.

### COUNT TWO
(Unlawful Retaliation and Interference with Protected Rights)

28. Defendants unlawfully terminated Plaintiff wholly or partially in retaliation for engaging in protected EEO activities, in violation of the D.C. Human Rights Act, (DCHRA), Title VII of the Civil Rights Act of 1991, and 42 U.S.C. §1981.

29. Defendants' discriminatory conduct toward Plaintiff was willful, wanton and malicious and/or committed with reckless disregard for her protected rights.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court award the following relief:

(a) An Order permanently enjoining Defendants from committing further unlawful discriminatory and retaliatory employment practices;

(b) An Order reinstating Plaintiff to her former position at RFA with full back pay, pre-judgment interest and other benefits to make her whole, or in lieu of reinstatement, front pay until the date she achieves a comparable-paying position in her field.

(c) An Order entering judgment in favor of Plaintiff Gong and against Defendants, for compensatory damages in an amount to be determined by the jury at trial, and punitive damages.

(d) An Order requiring Defendants to pay Plaintiffs' reasonable attorneys' fees and costs incurred in bringing this action;

(e) Such other and future relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests trial by jury on all issues so triable.

Betty Grdina 450346
Stephen Z. Chertkof 451713
HELLER, HURON, CHERTKOF, LERNER, SIMON & SALZMAN
1730 M Street N.W. #412
Washington, DC 20036
(202)293-8090

Robert H. Stropp 429737
MOONEY, GREEN, BAKER & SAINDON
1920 L Street NW, Suite 400,
Washington, DC 20036
(202) 783-0010

Attorneys for Plaintiff

7