IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| XIAOXIA (SASHA) GONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. _____ |
| ) | |
| ) | |
| RADIO FREE ASIA, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS RADIO FREE ASIA'S AND
RICHARD RICHTER'S ANSWER TO COMPLAINT**

Now come Radio Free Asia ("RFA") and Richard Richter ("Richter") (collectively, ""Defendants"") and, in Answer to the Compliant with Jury Demand (Discrimination in Employment on the Basis of Race and National Origin and Retaliation) filed by Xiaoxia (Sasha) Gong ("Plaintiff"), answer as follows:

1.      Defendants admit that Xiaoxia Gong is Asian and of Chinese descent, that from January 1998 until May 2003, she was employed at RFA as Director of the Cantonese Service, and that on May 29, 2003, her employment was terminated. Defendants deny that Plaintiff is entitled to any of the damages, pay or relief that she is seeking. Defendants are without knowledge sufficient either to admit or deny the remaining allegations contained in Paragraph 1 of the Complaint.

- 2 -

      2.      Defendants admit the allegations contained in the first sentence of Paragraph 2 of the Complaint, and are without knowledge sufficient either to admit or deny the remaining allegations contained in Paragraph 2 of the Complaint.

      3.      Defendants admit the allegations contained in Paragraph 3 of the Complaint.

      4.      Defendants admit the allegations contained in Paragraph 4 of the Complaint.

      5.      Defendants admit the allegations contained in Paragraph 5 of the Complaint.

      6.      Defendants admit the allegations contained in Paragraph 6 of the Complaint.

      7.      Defendants deny the allegations contained in Paragraph 7 of the Complaint except that Defendants admit that the termination of Plaintiff's employment occurred in the District of Columbia.

      8.      Defendants admit the allegations contained in Paragraph 8 of the Complaint.

      9.      Defendants admit that from January 1998 until May 2003, Plaintiff was employed at RFA as Director of the Cantonese Service, and that in 2003 there were a total of nine Service Directors at RFA, but deny the remaining allegations contained in Paragraph 9 of the Complaint.

      10.      Defendants are without knowledge sufficient either to admit or to deny the allegations contained in Paragraph 10 of the Complaint.

\\\BA - 65890/0011 - 201369 v1

11. Defendants admit that Plaintiff speaks English, Mandarin and Cantonese, but are without knowledge either to admit or deny the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit that Plaintiff's duties included supervising a team of thirteen production staff responsible for producing a daily one-hour radio show broadcast to China in the Cantonese language, but deny the remaining allegations in Paragraph 12 of the Complaint.

13. Defendants admit that Plaintiff managed two Cantonese broadcasting offices for RFA, one in DC at the RFA headquarters building and the other in Hong Kong, that there was a thirteen hour time difference between the locations of the offices, and that some Cantonese broadcast programs won nominations and awards in various worldwide radio competitions, including a silver prize at the New York Radio Festival in 2002, but deny the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants admit that at RFA, all the Service Directors who were in charge of the daily operations of foreign language broadcasting were Asian, but Service Directors, including Plaintiff, were required to be fluent speakers of the languages of their respective broadcast target countries and to be knowledgeable about local idiom and cultural nuances, but deny the remaining allegations contained in Paragraph 15 of the Complaint.

\\\BA - 65890/0011 - 201369 v1

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants admit that in 2002 and 2003 there were a Director of Program Delivery, Executive Producer, and Chief of Staff who were non-Asian, but deny the remaining allegations contained in Paragraph 17 of the Complaint.

18.     Defendants deny that there were three new executive positions, and are without knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 18 of the Complaint., but.

19.     Defendants admit that in the afternoon on May 23, 2003, Plaintiff attended a meeting with Richard Richter and members of the Cantonese Service staff, but deny the remaining allegations contained in Paragraph 19 of the Complaint.

20.     Defendants admit that in the afternoon of May 23, 2003, Plaintiff attended a meeting with Richard Richter and other Service Directors, but deny the legal conclusion in the last sentence of Paragraph 20, and deny the remaining allegations in Paragraph 20 of the Complaint.

21.     Defendants admit that on May 24, 2003, Plaintiff sent an e-mail to other RFA Service Directors and to Susan Lavery, Executive Producer, but deny the remaining allegations contained in Paragraph 21 of the Complaint, deny the legal conclusion in the final sentence of Paragraph 21 of the Complaint, and state the that document speaks for itself.

\\\BA - 65890/0011 - 201369 v1

- 5 -

22. Defendants admit that on May 29, 2003, Plaintiff's employment was terminated, but deny the remaining allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny that Plaintiff is entitled to any of the relief requested under the heading "Prayer for Relief" after Paragraph 29 of the Complaint.

All allegations contained in the Complaint not otherwise fully and specifically admitted, denied, qualified, or otherwise responded to are hereby denied.

### FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred based on the failure of the Complaint to allege a sufficient factual and/or legal basis for damages.

### THIRD DEFENSE

Plaintiff's claims are barred because the employment decisions about which she complains were based on legitimate, non-discriminatory, non-retaliatory factors.

### FOURTH DEFENSE

Plaintiff's discrimination claim is barred, in whole or in part, to the extent it is intended to seek relief for events outside the applicable statute of limitations.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants would have made the same decisions with or without consideration of any impermissible motivating factors.

### SIXTH DEFENSE

Plaintiff's claims are, or may be, barred, in whole or in part, to the extent that Plaintiff failed to mitigate her damages.

\\\BA - 65890/0011 - 201369 v1

## **ADDITIONAL DEFENSES**

Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of estoppel, waiver, laches, unclean hands, fraud, and by any other defenses found to be factually merited during the course of discovery in, or trial of, this action.

Respectfully submitted,

**HOGAN & HARTSON L.L.P.**

_____
Gil A. Abramson (Bar # 237994)
111 South Calvert Street
Suite 1600
Baltimore, MD  21202
Telephone:   (410) 659-2723
Facsimile:   (410) 539-6981

Gregory M. Petouvis (Bar # 477600)
555 13th Street, N.W.
Washington, DC  20004
Telephone:   (202) 637-6987
Facsimile:   (202) 637-5910

Counsel for Defendants
Radio Free Asia and Richard Richter

Date:  January 9, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Defendants Radio Free Asia's and Richter Richter's Answer to Complaint was served by first class U.S. mail, postage pre-paid, this 9th day of January, 2006, on:

>Betty Grdina, Esquire
>Stephen Z. Chertkof, Esquire
>HELLER, HURON, CHERTKOF,
>   LERNER, SIMON & SALZMAN
>1730 M Street, NW
>#412
>Washington, DC  20036
>
>Robert H. Stropp, Esquire
>MOONEY, GREEN, BAKER & SAINDON
>1920 L Street, NW
>Suite 400
>Washington, DC  20036

_____
Gregory M. Petouvis